JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-CV-1205

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

18  1205

Renaissance Land Associates II, L.P., Renaissance Land Associates III, L.P.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John Sither, Environmental Enforcement Section/Environment and
Natural Resources Division/Department of Justice
P.O. Box 7611 Washington, D.C. 20044 (202)514-5484

Attorneys *(If Known)*
Bryan P. Franey, Esq.
Jonathan Spergel, Esq.
Manko Gold Katcher Fox LLP

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☒ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 9606, 9607, 9613
Brief description of cause:
Recovery of response costs and injunctive relief in connection with Superfund site

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____   DOCKET NUMBER _____

MAR 22 2018

DATE
03/22/2018

SIGNATURE OF ATTORNEY OF RECORD
John Sither

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT        18        1205

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    P.O. Box 7611 Washington, D.C. 20044

Address of Defendant:    201 King of Prussia Road, Suite 501 Radnor, Pennsylvania 19087

Place of Accident, Incident or Transaction:    Crater Resources, Inc. Superfund Site, Upper Merion Township, Montgomery County, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____        Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Environmental Matters_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _John Sither_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _3/22/2018_        _____        _431542 (DC)_
                              Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAR 22 2018

DATE: _3/22/2018_        _____        _431542(DC)_
                              Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

United States of America      :      CIVIL ACTION

       v.                  :

Renaissance Land Associates II, L.P.,    :      NO.    18    1205

Renaissance Land Associates III, L.P.,

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( x )

| 3/22/2018 | John Sither | United States of America |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 202-514-5484 | 202-514-0097 | John.Sither@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 22 2018

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO.** |
| | ) |
| | ) |
| | ) |
| **RENAISSANCE LAND ASSOCIATES II,** | ) |
| **L.P., RENAISSANCE LAND ASSOCIATES** | ) |
| **III, L.P.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of the

United States of America, on behalf of the Administrator of the United States Environmental

Protection Agency ("EPA"), and by and through its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action under Sections 106 and 107 of the Comprehensive

Environmental  Response, Compensation, and Liability Act ("CERCLA"), as amended, 42

U.S.C. §§ 9606 and 9607, for injunctive relief and recovery of response costs incurred by the

United States in connection with the Crater Resources, Inc. Superfund Site ("Site") located in

Upper Merion Township, Montgomery County, Pennsylvania.   The United States also seeks a

declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and

28 U.S.C. § 2201 for future response costs that will be binding in any subsequent action or actions to recover further response costs incurred by the United States.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action and Defendants pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3.      Venue is proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose in this District and releases and/or threatened releases of hazardous substances occurred in this District.

## DEFENDANTS

4.      Defendants Renaissance Land Associates II, L.P. and Renaissance Land Associates III, L.P. ("Defendants") are limited liability companies organized under the laws of Pennsylvania.

5.      Defendants are the current owners and operators of a portion of the Site.

## GENERAL ALLEGATIONS

### Site Description and Background

6.      The Site is located approximately one mile north of Gulph Mills, Pennsylvania, a suburb northwest of Philadelphia, in Upper Merion Township, Montgomery County, Pennsylvania.

7.      The Site consists of four inactive quarries (Quarry 1, 2, 3 and 4) on approximately 50 acres of undeveloped land contaminated from the disposal of Waste Ammonia Liquor ("WAL") produced by coking operations conducted by the Alan Wood Companies.

2

8.      Alan Wood leased or sold portions of the Site to other entities which used the Site for manufacturing purposes and also disposed of wastes containing hazardous substances on the Site.

9.      Soils in the quarries and groundwater at the Site are contaminated with a number of hazardous substances, including metals (cyanide, arsenic, and mercury), fluorene, ammonia, phenol, and other volatile organic compounds.

10.      EPA found Volatile Organic Aromatics and Base Neutral Extractable Compounds in the Philadelphia Suburban Water Company's test well and trans-1, 2-dichloroethylene in the Upper Merion Reservoir, a public drinking water source also operated by the Philadelphia Suburban Water Company and located approximately one mile from the Site.

11.      EPA placed the Site on the National Priorities List ("NPL") on October 14, 1992, pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.  The NPL, codified at 40 C.F.R. Part 300, Appendix B, has been promulgated pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

12.      Beazer East, Inc., Keystone Coke Company, Inc., and Vesper Corporation entered into an Administrative Order on Consent with EPA on September 17, 1994 for the performance of a Remedial Investigation/Feasibility Study to determine what cleanup is necessary at the Site.

13.      EPA issued a Record of Decision ("ROD") for the Site on September 27, 2000, pursuant to 40 C.F.R. Part 300.430.  The ROD documents EPA's selected remedy for OU1 and OU2 of the Site.

14.      On April 30, 2001 , EPA issued a Unilateral Administrative Order for the Remedial Design and Remedial Action for the Site to Beazer East, Inc., Crater Resources, Inc.,

Each Parcel As Is Inc., Gulph Mills Golf Club, Inc., Keystone Coke Company, Inc., R-T Option Corporation, and Vesper Corporation.

15.     On May 9, 2011, the United States and Beazer East, Inc., Keystone Coke Company, Vesper Holdings, LLC, Swedeland Road Corp., RAGM Settlement Corp, RT Option Corp., RAGM Holding Company, and Crater Resources, Inc. entered into a Consent Decree for the reimbursement of response costs for the Site.

### Relationship of Defendants to the Site

16.     Defendants are currently the owners of a portion of the site, where OU1 and OU2 are situated.

17.     Defendants purchased the property in 2000 and 2001.

18.     Defendants are liable for cleanup and cost recovery pursuant to Sections 106(a) and 107(a)(l) of CERCLA, 42 U.S.C. §§ 9606(a) and 9607(a)(l).

### CERCLA Liability

19.     Renaissance Land Associates II, L.P. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

20.     Renaissance Land Associates II, L.P. is a "covered person" under Section 107(a)(l) of CERCLA, 42 U.S.C. § 9607(a)(l).

21.     Renaissance Land Associates III, L.P. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

22.     Renaissance Land Associates III, L.P. is a "covered person" under Section 107(a)(l) of CERCLA, 42 U.S.C. § 9607(a)(l).

23.     The substances contaminating the soil and groundwater at the Site, including benzene, metals, toluene, and phenolic compounds, are "hazardous substances" within the

meaning of Sections 101(14), 101(22), 104(a), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14), 9601(22), 9604(a), and 9607(a).

24.     Hazardous substances were "disposed of" at the Site within the meaning of Sections 101(14), 101(29), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(29), and 9607(a).

25.     There have been and continue to be "releases" or "threatened releases" of "hazardous substances" into the environment at and from the Site within the meaning of Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22), and 9607(a).

## FIRST CLAIM FOR RELIEF
### (Recovery of Response Costs)

26.     Paragraphs 1 through 25, inclusive, are realleged and incorporated herein by reference.

27.     The United States has incurred and will continue to incur response costs, as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, as a result of the release or threatened release of hazardous substances at the Site.

28.     The response costs were incurred and will be incurred by the United States in a manner not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

29.     Defendants are liable for response costs incurred and to be incurred by the United States in connection with the Site, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

30.     The United States is entitled to a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further

response costs or damages, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief)

31.    Paragraphs 1 through 30, inclusive, are realleged and incorporated herein by reference.

32.    The Regional Administrator of EPA, Region III, acting pursuant to his delegated authority, has determined that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of the actual and/or threatened releases of hazardous substances at and from the Site.

33.    The United States is entitled to such relief from Defendants as may be necessary to abate the danger or threat to the public interest posed by the release or threatened release of hazardous substances at the Site, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

## PRAYER FOR RELIEF

Wherefore, the United States respectfully requests that this Court enter a judgment against Defendants as follows:

A.    Order Defendants to pay all response costs incurred by the United States in response to the release or threat of release of hazardous substances at the Site;

B.    Enter a declaratory judgment on liability against Defendants under Section 113 (g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs or damages;

C.    Order Defendants to perform the remedy at the Site selected in the ROD; and

D.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division

JOHN SITHER
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone:  (202) 514-5484
Email:  john.sither@usdoj.gov

LOUIS D. LAPPEN
United States Attorney
Eastern District of Pennsylvania

MARGARET L. HUTCHINSON
Chief, Civil Division
Eastern District of Pennsylvania

STACEY SMITH
Assistant United States Attorney
Eastern District of Pennsylvania

OF COUNSEL:

BONNIE ANNE PUGH
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103